IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ARGENT SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-W3, | § § § § § § | |
| Plaintiff, | § § | |
| V. | § § | Civil Action No. 3:12-cv-4569-N (BF) |
| DARIAN BROUSSARD and ALL OCCUPANTS OF 808 CARAWAY LANE, DESOTO, TEXAS 75115, | § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this removed civil action to the United States Magistrate Judge for pretrial management. Plaintiff Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W3 ("Deutsche Bank") has filed a Motion to Remand the case to state court. Doc. 7. For the following reasons, the Court recommends that the Motion to Remand be GRANTED.

**Background**

This case arises out of foreclosure proceedings initiated by Deutsche Bank against the real property located at 808 Caraway Lane in DeSoto, Texas (the "Property"). Deutsche Bank purchased the Property at a foreclosure sale held on August 2, 2011 and, thereafter, made written demand on Defendant Darian Broussard ("Broussard") and all other occupants of the Property, including Tederal Jefferson ("Jefferson"), to vacate the Property. When Defendants refused to vacate, Deutsche Bank

brought a forcible detainer action in the Dallas County Justice of the Peace Court, Precinct 4 - Place 2. Deutsche Bank subsequently obtained a judgment in its favor, which Defendants, proceeding *pro se*, appealed by filing an action, Cause No. CC-11-08340-E, in Dallas County Court at Law No. 5. The County Court at Law issued a Judgment of Possession in Deutsche Bank's favor on January 12, 2012. Four months later, Defendants filed an appeal of the judgment in Cause No. CC-11-08430-E in the Fifth Court of Appeals. At the same time, Defendants also filed a motion for relief from judgment in the County Court at Law. Defendants, through counsel, then filed an original action, Cause No. DC-12-07802, in the 191st District Court of Dallas County, Texas, alleging that Deutsche Bank wrongfully foreclosed on the Property and asserting claims for negligent misrepresentation, violations of the Texas Finance Code, trespass to try title, and declaratory relief.

On November 13, 2012, Jefferson, proceeding *pro se*, filed a single Notice of Removal purporting remove Cause No. CC-11-08340-E and Cause No. DC-12-07802 to federal court on grounds of federal question and diversity jurisdiction. *See* Not. of Rem. (Doc. 3). Upon review of the removal notice, the Court noted several deficiencies, including: (1) Defendants failed to allege facts in the removal notice to establish that diversity jurisdiction is proper; (2) Broussard did not sign the removal notice; and (3) Defendants appear to be citizens of Texas, the same state where Deutsche Bank filed the original forcible detainer action. *See* Order, 12/12/12 (Doc. No. 6). On December 12, 2012, the Court ordered Defendants to file an amended removal notice that corrected these deficiencies. *Id.* at 2. The same day, Deutsche Bank filed an Objection to Removal and Motion to Remand. (Doc. 7). In its motion, Deutsche Bank argues that there is no basis for federal question jurisdiction in this case because the original forcible detainer action raises no federal claim and that removal based on diversity is improper because Defendants are citizens of the State of Texas.

2

Defendants responded by filing an amended Notice of Removal (Doc. 8), which is identical to the original removal notice except that the amended notice is signed by Broussard as well as Jefferson. Defendants also filed a brief in which they argue federal question jurisdiction is proper because Deutsche Bank's foreclosure of the Property violated their rights under the 4th, 5th, 7th, and 14th Amendments to the United States Constitution. Plf. Obj. & Resp. (Doc. 9) at 6. Defendants further contend that diversity jurisdiction is proper because the parties are citizens of different states and "[t]he amount on the Deed of Trust is $195,961." *Id.* at 7. This matter is now ripe for determination.

## **Legal Standard**

Federal district courts are courts of limited jurisdiction and may hear only those cases authorized by a federal statute, treaty, or the United States Constitution. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Where, as here, a case is removed from state court to federal court, the party seeking removal must show that "federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubts as to the propriety of removal must be strictly construed in favor of remand. *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

## **Analysis**

The Court initially observes that the right to remove a case from state court to federal court is vested exclusively in "the defendant or the defendants." 28 U.S.C. §1441(a); 28 U.S.C. §1446(a). *See also Scott v. Communications Services, Inc.*, 762 F.Supp. 147, 150 (S.D. Tex. 1991), *aff'd*, 961 F.2d 1571 (Table) (5th Cir. 1992) ("[T]he well-established rule is that the plaintiff, who chose the forum, is bound by that choice and may not remove the case."). Here, Defendants' removal of

Cause No. DC-12-07802 is improper because that action was brought by Broussard and Jefferson as *plaintiffs* in the state court. Accordingly, Cause No. DC-12-07802 must be remanded to the 191st District Court of Dallas County, Texas.

Nor is removal proper with respect to Cause No. CC-11-08340-E, the appeal of the forcible detainer action originally brought by Deutsche Bank in state court. A case may be removed to federal court if it is "founded on a claim or right arising under the Constitution, treaties or laws of the United States . . . ." 28 U.S.C. § 1441(b). The existence of a federal question must appear from a properly pleaded complaint. "[I]f, on its face, such a complaint contains no issue of federal law, then there is no federal question jurisdiction." *See Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160-61 (5th Cir. 1989). Whether a case arises under federal law "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the [complaint] unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Roman v. Aviateca*, 120 F.3d 265 (Table), 1997 WL 420177 at *3 (5th Cir. Jun. 27, 1997) (quoting *Franchise Tax Bd. of State of California v. Constr. Laborers Vacation Trust for So. California*, 463 U.S. 1, 27-28 (1983). In this case, Deutsche Bank's forcible detainer action arises solely under Texas law. *See* TEX. PROP. CODE. ANN. § 24.001, *et seq.*; *Fed. Home Loan Mortg. Corp. v. Wyatt*, No. 3:11-cv-670-K, 2011 WL 1897497, at *1 (N.D. Tex. Apr. 29, 2011), *rec. adopted*, 2011 WL 1899520 (N.D. Tex. May 17, 2011) (forcible detainer actions are purely questions of state law). No federal question is presented by the original petition, and Defendants' conclusory assertions that the Court has jurisdiction over this matter because "it involves a Federal judicial *question*, the taking of real property without due process" are insufficient to support the exercise of federal question jurisdiction. *See Scojo Solutions v. Mitchell*, No. 3:12-CV-3814-M, 2012 WL

5933056, at *2 (N.D. Tex. Oct. 31, 2012), *rec. adopted*, 2012 WL 5935407 (N.D. Tex. Nov. 26, 2012) (assertion of federal claim by defendant in notice of removal will not support the exercise of federal question jurisdiction over state forcible entry and detainer action); *Bank of New York Trust Co. N.A. v. Olds*, No. 3:08-CV-0630-K, 2008 WL 2246942, at *2 (N.D. Tex. May 30, 2008) (same). Therefore, federal question jurisdiction does not exist.

Deutsche Bank also contends that Defendants have no right to remove Cause No. CC-11-08340-E based on diversity jurisdiction. The Court agrees. The federal removal statute provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2). Under the plain language of section 1441(b), an action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. Defendants Broussard and Jefferson are citizens of Texas -- the same state where Deutsche Bank filed this action. Thus, even if the statutory requirements of federal diversity jurisdiction are met,[1] Defendants cannot remove the case to federal court.

**Recommendation**

For the foregoing reasons, the Court recommends that Deutsche Bank's Motion to Remand (Doc. 7) be GRANTED. Cause No. CC-11-08340-E should be REMANDED to County Court of

---

[1] The Court questions whether the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). In a forcible detainer action removed from state court to federal court on the basis of diversity, the amount in controversy is the value of the right to occupy or possess the property at issue. *U.S. Bank Nat'l Ass'n v. Rudd*, No. 3:10-cv-2440-L, 2011 WL 539120, at *4 (N.D. Tex. Feb.7, 2011). Defendants have failed to establish the value of the right to possess the Property. That "the amount on the Deed of Trust is $195,961.00," as alleged by Defendants in their response to Deutsche Bank's motion to remand, (Doc. 9 at 7), is not relevant to determining the amount in controversy for jurisdictional purposes.

5

Law No. 5, Dallas County, Texas; Cause No. DC-12-07802 should be remanded to the 191st Civil District Court of Dallas County, Texas.

SO RECOMMENDED, January 24, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).